Matthew M. Levy, J.
This article 78 proceeding is brought for a review of the State Rent Administrator’s order denying the tenant’s protest and to vacate the order granting a certificate of eviction. The order was granted under section 56 of the State Rent and Eviction Regulations upon the claimed nonuse of the subject apartment by the tenant and the subletting thereof without the landlord’s consent. The examiner found that the tenant had leased ‘ ‘ a new 4 room apt. for herselt at 345 W 145 St. It certainly is to be presumed that she lives there — and that she is not using the Hamilton Terrace PL”, the subject premises. Presumption, in my view, is insufficient on the facts here.
The tenant states that the subject apartment has been her home since 1939. She had made complaint as to the filthy condition of the subject building; and, indeed, to the landlord’s dissatisfaction had organized a tenants’ committee therein for mutual aid and protection and collective complaint (cf. J. E. & A. Realty Corp. v. Coulter, 169 Misc. 871, affd. N. Y. L. J., April 22, 1939, p. 1852, col. 7). The tenant is a school teacher and also teaches music, and it became necessary, as reasonably appears from the petition, that she obtain an additional apartment, in better-kept premises, where she might conduct her business of teaching music. The tenant asserts that she maintains her clothing in the original apartment, lives there and votes therefrom. The tenant’s mother came into the subject apartment in about May, 1956. The professional apartment was rented by the tenant in December, 1956. There is no proof that there was anyone other than the tenant’s mother, a member *551 of the tenant’s family, occupying the premises. There is no proof to the contrary of the tenant’s statement that, to the landlord’s knowledge, the tenant’s mother had joined her in the subject apartment in May, 1956, since which time the tenant’s checks in payment of rent have been accepted by the landlord without question.
The petition of the landlord for a certificate of eviction was filed on March 7, 1957. The examiner’s conference was held on May 27,1957. The order denying protest is dated September 12, 1957. The superintendent of the subject apartment made a statement to the examiner to the effect that he does not see the tenant around any more, since she moved away about a year ago. There is obvious interior inconsistency in that statement, since the examiner’s conference was held in May, 1957, and the tenant cannot have moved away a year before that, as she did not lease the other apartment until December, 1956. There is nothing in the record to indicate when the superintendent made his observation to enable him to see that the tenant was at no time at the premises.
The respondent’s opinion on protest is also significant in a number of respects. That opinion reads that, in “ its application, the landlord states that the prime tenant no longer uses the apartment as her home; that she resides at 345 West 145th Street; and that she has sublet the subject apartment without permission of the landlord”. No dates are mentioned and unless dates are given the allegations are of no aid. The opinion further states that the landlord here involved produced a letter from the landlord of the new premises, indicating that the petitioner is a tenant there, but this, too, fails to mention any date. The opinion further states that the superintendent’s testimony places the tenant out of the building “ since she moved away about one year ago ”. But that one year ago, if with respect to the conference date of May 27, 1957 would be about May 27, 1956, whereas (as I have indicated) the proof is that the second letting occurred in December, 1956. The dis-positive portion of the Administrator’s opinion states that the record discloses that the second apartment was leased “ approximately a year ago ” and “ that her mother moved into the apartment, at about the time the tenant ceased to use it ”, that is, since the leasing of the second apartment. These statements thus place the events in a perspective entirely different from their true occurrence. The opinion, being dated September 12, 1957, would place the new letting and the mother’s entry into the old apartment in September, 1956, and it is undisputed that neither event occurred at that time. As has been seen the new *552 letting was in December, 1956, and the mother was in the old apartment months prior thereto. This careless grounding of the order reflects the impossibility of the factual situation to support the order.
I hold that section 56 was not complied with, as a certificate thereunder may issue where occupancy is by subtenants or other persons occupying under a rental agreement with the tenant and no part of the accommodations is used by the tenant as a dweller. In that respect, I refer to the statement of Associate Judge Fuld, in his opinion in Matter of Park East Land Corp. v. Finkelstein (299 N. Y. 70, 75) where he says: ‘ ‘ Whether or no strict adherence to technical concepts of landlord and tenant law would have justified eviction under ordinary conditions in ordinary times, need not detain or concern us. It is enough to say that, in the housing field at least, these are not ordinary times. If anything is clear, it is that mechanical application of common-law rules will not promote reasonable decision in cases controlled by emergency rent legislation. ’ ’
Accordingly, the petition is granted and the orders reviewed herein and the certificate of eviction issued thereunder are vacated, for the reason that the determination of the respondent was not in keeping with established administrative principles, set forth in Matter of Everly v. Weaver (7 Misc 2d 965, 976977). However, the matter will be remanded to the respondent for further consideration, including the making of specific findings as to the time elements herein indicated and appropriate findings on the evidence as to the controlling factors warranting the issuance of a certificate of eviction, if it be found upon such further consideration that eviction is appropriate.