Matthew M. Levy, J.
This is a proceeding under article 78 of the Civil Practice Act, brought by the landlord to review an order of the State Bent Administrator which, in effect, denied the landlord’s application for an increase of maximum rent based upon certain alleged improvements in the subject premises, one of a four-apartment dwelling on Noble Avenue in The Bronx. (State Rent and Eviction Regulations, § 33, subd. 1.)
The landlord’s application is dated May 1, 1957, and was filed June 21, 1957. It names one Archie Annunziato as the tenant of the apartment for which the increase of rent is sought. This tenant first took occupancy on April 15,1954, at which time the claimed improvements were made. It is asserted by Annunziato that the improvements (except for one item) were paid for by him to the landlord. There is now pending an overcharge action instituted by Annunziato against the landlord (State Residential Rent Law, § 11, subd. 5; L. 1946, ch. 274, as amd.).
It is asserted by Annunziato, and not denied by the landlord, that Annunziato vacated the premises in December, 1956, some six months before the landlord applied for the increase in rent. "Whether there was another tenant in possession or whether the subject apartment was vacant when the application was presented is not determinable from the record. The landlord’s application was summarily dismissed at the local level because the alleged tenant was no longer the tenant in possession, and affirmed at the State level because “ [t]he landlord’s sworn statement that Archie Annunziato was the tenant on May 1, 3957, was not true.”
The issue before me in this proceeding is whether the determination thus made was arbitrary or capricious or without basis in law (Matter of Everly v. Weaver, 7 Misc 2d 965, 976-977).
*532 What the situation might be, had there been a finding, based upon appropriate evidence, that the landlord’s application was knowingly false as to a material fact, is not before me. While the local rent administrator found that the “ [tjenant Annunziato no longer resides in subject accommodations,” I hold that that did not necessarily justify the order made — “ denying application or terminating proceeding” — without further inquiry, processing or hearing. Proceedings before the administrator are often conducted without benefit of counsel, and too exacting procedural requirements may lead to injustice. If the application here was merely improper or incorrect in the information given thereon it should have been denied, but without prejudice to renewal upon accurate information and upon due notice to the proper tenant, if any. In view of the in rem nature of the proceeding before the rent administrator, as well as its in personam effect, summary final dismissal here might lead to unjust deprivation of the landlord’s property, however innocent may have been his misstatement.
In his brief, the State Bent Administrator (who, upon protest of the landlord, affirmed the order of the local rent administrator) now states the issue to be as follows: “ May a landlord obtain a retrospective rent increase from April 1954 through December 1956 under Regulation 33(1) against a tenant whose occupancy was terminated in December 1956, by application made in mid-1957 ? ’ ’ But the issue thus presented by the respondent is not based on the determination made by him, and which is now the subject of review. The landlord’s application on its face sought an increase in rent. Whether it should or could be made retroactive to any specific date or against any specific tenant is initially within the powers of the administrator, subject to the provisions of the statute (State Residential Rent Law, § 4, subd. 6) and of the regulations (State Rent and Eviction Regulations, § 32). But no such determination has been made here by the respondent — one way or the other — and therefore the question will not be considered by me. The determination that was made is, on this record, without substantial basis for failing to process the application and, if appropriate in the circumstances, to give the applicant an opportunity to supply correct information.
The matter is remanded for further proceedings consistent with this opinion, and an order has been signed accordingly.