Matthew M. Levy, J.
The petitioner landlord brings this proceeding, pursuant to article 78 of the Civil Practice Act, to review certain orders of the Acting State Bent Administrator, and to declare those orders null and void. The effect of these orders was to deny the petitioner’s application for relief pursuant to subdivision 7 of section 33 of the State Bent and Eviction Begulations. That section provides in substance that an increase in maximum rent may be applied for by the landlord who operates a notel and who has incurred unavoidable increases in certain operating costs since “ the date the landlord commenced the operation of the property”.
The basic facts are not in dispute. Hotel Esplanade, Inc., the petitioner corporation, was organized in October, 1950 and, in the next month, obtained a 21-year lease from the G. S. T. Bealty Corporation, the owner of the realty, and thus became the lessee and operator of the hotel thereon, located at 305 West End Avenue in Manhattan. When the petitioner corporation was organized, its capital structure consisted of 200 shares, of which 30 shares were issued, 10 shares to each of 3 individuals. In May, 1955 these 3 individuals sold their stock, in a single transaction, to 11 other persons not related to them and not previously having an interest in the corporation. These 11 new stockholders then issued to themselves 70 additional shares in varying- amounts, leaving 100 shares •still unissued. These 11 stockholders are the present owners of all of the outstanding issued stock of the petitioner corporation.
In July, 1958 the petitioner, by its president, alleging that there had been increases in operating expenses since the base year ending October 31, 1951, tiled applications for increases in the maximum rents of the controlled units. The crux of the issue before me is that the Local Bent Administrator determined that the use of the base year November 1,1950 to October 31, 1951 was impermissible in that the complete change in stock ownership in the Hotel Esplanade, Inc., in May, 1955 constituted a change in ownership for the purposes of a proceeding under subdivision 7 of section 33 of the regulations. This holding was sustained by the respondent on the petitioner’s protest to him. At no time was there a hearing on the merits of the petitioner’s applications before the Bent Commission. The dispute concerns itself entirely with the interpretation of the phrase contained in the regulation — “ the date the landlord' commenced the operation of the property ’ ’.
The respondent contends that, despite the continuity of the corporate ownership, there was here a change in the actual ownership of the hotel, and urges the court to pierce the cor *1032 porate veil and disregard the manner or form in which the operation is conducted, in determining, under the pertinent regulation, the commencement date of operation. I cannot go along with the Administrator’s views, and, indeed, I think that they are so foreign to and in such direct conflict with the well-settled and acknowledged legal concept that a corporation is a separate and distinct legal entity apart from its stockholders, that I am constrained to hold that “ [t]he administrative determination ’’has no “ reasonable basis in law ” and therefore cannot “ be accepted by the courts” (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108, citing Board v. Hearst Pubs., 322 U. S. 111, 131).
It is an accepted principle of law in this State that the corporate entity cannot be disregarded and the property of the corporation will not be considered the property of the individual stockholders unless fraud exist or wrong be perpetrated (cf. Sasmor v. Vivaudou, Inc., 200 Misc. 1020, 1030). There is no such showing or even claim here. It is the corporation which owns the lease, operates the hotel, assumes the liabilities, and pays the expenses. In my opinion, therefore, the hotel operation continued in the name of the petitioner, Hotel Esplanade, Inc., despite the transfer of the shares in the corporation from one group of stockholders to another group of stockholders (Matter of Green, 231 N. Y. 237, 246-247). A number of questions come to mind which convince me that the ruling here objected to is not only capricious as a matter of law, but also difficult, if not impossible, of application. I shall mention some of them. What if only 1% of the stock had been sold, would that warrant a denial of any otherwise proper rent increases? What if 50% of the stock had been sold, would that mean there should be a rent increase of 50% of the normal increment to which the landlord may be entitled in a hardship case, or that it would be unable to obtain any increase at all? Are hotel corporations whose shares are sold on the exchange from day to day in a different category than other hotel corporations whose stock ownership is more limited? If a shareholder dies, and his stock is now owned by several heirs, does that fix a new date of the commencement of operation by the corporate owner ? And so on.
I recognize, of course, ‘ ‘ that mechanical application of common-law rules will not promote reasonable decision in cases controlled by emergency rent legislation ” (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; see Matter of Sparks v. Weaver, 13 Misc 2d 549, 552). But, it is my thought that, before well-established common-law principles in vital *1033 matters are ignored, the need for doing so must be perceived in the nature and purpose of the legislation. In the case at bar, there has been no showing whatsoever that the interpretation indulged in here by the respondent is needed or even helpful in maintaining the general purposes of the rent control statute (cf. Everly v. Weaver, 7 Misc 2d 965, 973ff).
In my view, the orders of the respondent are clearly arbitrary and contrary to law, and therefore must be annulled. (Matter of Aquino v. Weaver, 12 Misc 2d 530; Matter of Sparks v. Weaver, 13 Misc 2d 549, supra; Matter of 609 Holding Corp. v. McGoldrick, 204 Misc. 26, 32; cf. Matter of Everly v. Weaver, 7 Misc 2d 965, 976-977, supra, and cases cited therein.) The matter is remanded to the respondent for further consideration and action not inconsistent with this opinion. Order signed.