■ DAVID S. AUSTIN, Respondent, v LOUIS P. TRYBUS, Appellant and Third-Party Plaintiff-Appellant, and WESTLAND REALTY CORPORATION, Respondent. HELGA DAS, Third-Party Defendant-Respondent.—Order unanimously affirmed with costs. Memorandum: Parties to a real estate contract have an implied obligation to deal fairly and to act in good faith *(McKenna v Case,* 123 AD2d 517; *Norgate Homes v Central State Bank,* 82 AD2d 849) and where no time is expressed in the agreement for the performance of conditions, there is an implied duty to perform within a reasonable time *(Trustees of Union Coll. v City of New York,* 173 NY 38; Friedman,

Contracts and Conveyances of Real Property § 1.5, at 145 [4th ed]; 1 Tiffany, Real Property § 202 [3d ed]). Although reasonableness is ordinarily a question of fact, we conclude that the buyer's failure to contact an attorney for more than three months after acceptance of the purchase offer and the attorney's delay in disapproving the contract until the date of closing were, under the facts of this case, unreasonable as a matter of law and that the condition of attorney approval ceased to exist because it was not timely exercised. (Appeal from order of Supreme Court, Monroe County, Tillman, J.— summary judgment.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.