■ ABRAHAM GUTFREUND, Appellant, v L. DAVID DEMIAN et al., Respondents, et al., Defendants. [642 NYS2d 294] —Order, Supreme Court, New York County (Walter Schackman, J.), entered April 20, 1995, which, *inter alia*, granted the cross motion of defendants L. David DeMian, the DeMian Organization, Inc. and SDM Consultations, Inc. for summary judgment dismissing plaintiff's complaint, unanimously affirmed, without costs.

The failure of plaintiff to be licensed as an insurance broker when he allegedly entered into the oral agreement sued upon rendered the agreement between plaintiff and the DeMian defendants illegal and unenforceable, and barred plaintiff from collecting insurance commissions under Insurance Law § 2102 (b) (3) and § 2116 (*McEvoy v American Lumbermen's Mut. Cas. Co.*, 51 NYS2d 306, *affd* 269 App Div 857, *affd* 295 NY 906). The exceptions to the licensing requirement for attorneys, actuaries, certified public accountants, and regular salaried employees of a licensed broker, set forth in Insurance Law § 2101 (c) (2) and § 2102 (b) (4), are inapplicable to plaintiff since he was never an employee of the DeMian defendants, but rather an independent contractor acting as an unlicensed insurance broker who seeks, in the present action, a percentage of commissions earned for procuring new insurance carriers for clients of the DeMian defendants.

Equally lacking in merit is plaintiff's contention that Insurance Law § 2116, which prohibits insurers from "pay[ing] any money or giv[ing] any other thing of value" to unlicensed brokers does not render illegal any agreement made by the DeMian defendants, a licensed brokerage firm, to pay plaintiff, but rather only renders illegal any agreement by an insurer to pay an unlicensed insurance broker. To allow plaintiff, as an unlicensed broker, to evade the statutory scheme by receiving payments from another broker, rather than directly from an insurance carrier, would violate the legislative intent. A party who contracts to violate a statute enacted for public protection

(*see*, Insurance Law § 2104 [a] [2]), may not sue for a breach thereof (*McEvoy v American Lumbermen's Mut. Cas. Co.*, *supra*, at 308; *see also*, *Richards Conditioning Corp. v Oleet*, 21 NY2d 895; *City of New York v 17 Vista Assocs.*, 192 AD2d 192, 198).

As to services rendered from December 25, 1989, the date of plaintiff's licensing, more than 10 months after he allegedly entered into the agreement, until July of 1990, when the arrangement concluded, plaintiff concededly failed to assert a cause of action for quantum meruit relief.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Mazzarelli, JJ.