■ KENNETH D'ABREAU, Individually and as Administrator of the Estate of ELEANORA C. D'ABREAU, Deceased, Respondent, v EDWARD E. SMITH, Appellant, et al., Defendant. [659 NYS2d 503] —In an action to recover a down payment given under a contract for the sale of real property, the defendant, Edward E. Smith, appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated September 19, 1996, which

denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

The contract of sale pursuant to which the plaintiff, Kenneth D'Abreau, and his wife agreed to purchase certain real property from the defendant Edward E. Smith did not specify a closing date, but instead stated that the closing would take place within eight weeks after a certificate of occupancy was obtained for a legal two-family dwelling. In such a case, there is an implied duty to perform within a reasonable time *(see, Austin v Trybus,* 136 AD2d 940).

The record does not reflect whether the plaintiff ever made a sufficient demand for performance upon the defendant prior to the commencement of this action. In addition, the record does not reflect whether the defendant, after obtaining the certificate of occupancy, made a sufficient demand for performance upon the plaintiff. Such a demand by one of the parties is required to cause the other party to be in default *(see, Hamburger v Rieselman,* 206 AD2d 822; *Knight v McClean,* 171 AD2d 648; *Drago v Flewellin,* 33 AD2d 570).

Even absent such sufficient demand notices, if, after being informed that a certificate of occupancy had been obtained, the plaintiff gave a definite and final communication evincing an intention to forego performance under the contract, constituting an anticipatory breach *(see, Rachmani Corp. v 9 E. 96th St. Apt. Corp.,* 211 AD2d 262, 267), the defendant would have been entitled to retain the down payment and to convey the property to alternative purchasers *(see, Capozzola v Oxman,* 216 AD2d 509; *Bucciero v Jian Sheng Li,* 191 AD2d 887; *Cooper v Bosse,* 85 AD2d 616). The record, however, does not reveal what transpired between the parties after the defendant obtained the certificate of occupancy.

Accordingly, the appellant failed to establish his entitlement to summary judgment, and the Supreme Court properly denied the cross motion. Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.