■ MICHAEL CIPRIANO, Appellant-Respondent, v GLEN COVE LODGE #1458, B.P.O.E., et al., Respondents, and GASPER BUFFA, Respondent-Appellant. [747 NYS2d 525]

The appeal from so much of the intermediate order dated March 20, 2001, as granted those branches of the motion of the defendants Glen Cove Lodge #1458, B.P.O.E., and Glen Cove Elks, Inc., and the separate motion of the defendant Gasper Buffa, which were for summary judgment dismissing the complaint insofar as asserted against them must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the intermediate order concerning that portion of the intermediate

order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In July 1999 the plaintiff and the defendant Glen Cove Lodge #1458, B.P.O.E. (hereinafter the Lodge), entered into a contract whereby the plaintiff agreed to purchase a parcel of land located in Glen Cove from the Lodge for $550,000. The closing date in the contract was August 2, 1999. The contract contained a limitation of liability clause providing, in pertinent part: "In the event title is unmarketable, the sole remedy of the Purchaser will be to accept such title as the Seller shall be able to deliver without abatement in the purchase price, or in the alternative, to cancel this Agreement and receive a refund of the Contract down payment, together with the net charges actually charged to the Purchaser for the examination of title, without insurance * * * and cost of a survey." The contract also provided: "Nothing herein contained, however, shall be deemed to obligate or require the Seller to bring any action or proceeding or to expend any sums of money or to incur any expense in order to render title marketable." At that time Glen Cove Elks, Inc. (hereinafter the Elks), owned the property which it later transferred to the Lodge.

Pursuant to a June 1955 agreement and stipulation between the defendant Gasper Buffa and the Lodge, Buffa had a right of first refusal to repurchase the property. When the Lodge contracted to sell the subject property to the plaintiff Cipriano, neither the Lodge nor the Elks informed Buffa of the contract of sale. Buffa later learned of the contract of sale with Cipriano and Cipriano began settlement negotiations with Buffa to extinguish his right of first refusal to repurchase. They were never able to settle the matter and the closing on the property was delayed due to the cloud on the title created by Buffa's interest. Buffa did not exercise his right of repurchase from the Lodge or the Elks.

By letter dated December 28, 1999, the attorney for the Lodge and the Elks advised Cipriano that the contract was canceled, and tendered a return of the down payment. Cipriano refused to accept the cancellation or a return of the down payment. The attorney for the Lodge and the Elks scheduled a closing for January 28, 2000, with time being of the essence. Cipriano's counsel informed the attorney for the Lodge and the Elks that Cipriano would not appear on that closing date, and, by letter of January 27, 2000, the attorney for the Lodge and the Elks notified Cipriano that he was in default of the contract.

Cipriano thereafter brought the instant action against the

Lodge, the Elks, and Buffa, inter alia, for specific performance and damages. The Lodge and the Elks counterclaimed for a declaration that they could retain the down payment as they lawfully canceled the contract, and Buffa cross-claimed, inter alia, for specific performance requiring the Lodge and the Elks to sell him the property. Buffa moved for summary judgment dismissing the complaint insofar as asserted against him and on his cross claim. The Supreme Court denied Buffa's motion insofar as it was for summary judgment seeking specific performance, but granted that branch of the motion which sought to dismiss the complaint insofar as asserted against him. The Lodge and the Elks also moved for summary judgment dismissing the complaint insofar as asserted against them and for judgment on their counterclaim. The Supreme Court granted their motion.

The parties to a contract for the sale of real property may agree, as they did here, to restrict the liability resulting from a breach, or may agree that no damages will be payable at all once the status quo has been restored (*see Progressive Solar Concepts v Gabes,* 161 AD2d 752; *Calligar v Fradkoff,* 154 AD2d 495; *Mancini-Ciolo, Inc. v Scaramellino,* 118 AD2d 761, 762; *Mokar Props. Corp. v Hall,* 6 AD2d 536, 539). However, an obligation to act in good faith will be implied in connection with such liability-limiting clauses, in the event of an inability to convey good title (*see Progressive Solar Concepts v Gabes, supra; Mokar Props. Corp. v Hall, supra* at 539). The record contains more than sufficient evidence of the diligence of the defendants the Lodge and the Elks in attempting to deliver title. Upon this record, it can only be concluded that they acted in good faith in their efforts to convey title.

Moreover, where, as here, the seller has fulfilled its obligations under the contract, and the purchaser has been given an opportunity to cancel the contract because of a defect in title but has refused to avail itself of that opportunity and has been given more than a reasonable opportunity to perform under the contract of sale but fails to do so, the seller may hold the purchaser in default (*see Progressive Solar Concepts v Gabes, supra; Orea v D'Auria,* 160 AD2d 694). Thus, when the plaintiff purchaser failed to appear at the last scheduled closing date, which was over a year after the closing date set in the contract, the seller properly declared the plaintiff to be in default (*see Progressive Solar Concepts v Gabes, supra; Orea v D'Auria, supra; Perillo v De Martini,* 54 AD2d 691). Since the plaintiff purchaser defaulted under the terms of the contract, the seller is entitled to retain the down payment made by him (*see Progressive Solar Concepts v Gabes, supra*).

Furthermore, there is no merit to Buffa's claim for specific performance in relation to the sale of the property, since he never exercised his right of repurchase from the Lodge or the Elks.

The parties' remaining contentions are without merit.

We note that since the cross claim of the Lodge and the Elks sought a declaratory judgment, the Supreme Court should have directed the entry of a declaration in favor of the Lodge and the Elks (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J.P., Smith, Friedmann and Townes, JJ., concur.