■ GERARD R. BUETTNER et al., Appellants, v JAN R. McCRAY, Respondent. [754 NYS2d 298] —In an action for specific performance of a contract to sell real property, or alternatively, to recover damages for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Costello, J.), entered February 4, 2002, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff-purchasers entered into a contract to purchase a vacant parcel of land from the defendant-seller. Paragraph 25 of the contract provided as follows: "This sale is contingent upon purchaser securing a permit to build a single family residence on the premises. Purchaser will make application for such permit promptly and shall diligently pursue the same. Seller represents that to the best of their [*sic*] knowledge the premises were subdivided in accordance with all municipal regulations by previous owners of the premises. In the event that such permit is not secured by July 12, 2000, *either party* may cancel this contract and upon refund of the downpayment funds without interest to Purchasers neither party shall have any further right against the other" (emphasis added).

After ascertaining on July 12, 2000, that the purchasers had not obtained a building permit, the seller notified them that she was canceling the contract, and refunding the down payment. The purchasers commenced this action seeking specific performance of the contract, or alternatively, to recover damages for breach of contract, based on various expenses incurred, inter alia, in applying for the building permit.

The Supreme Court properly granted summary judgment dismissing both causes of action. The clear language of the contract unambiguously conferred on either party the right to cancel the contract if a building permit was not secured by July 12, 2000, and provided that upon refund of the down payment "neither party shall have any further right against the other" (*see* W.W.W. Assoc. v Giancontieri, 77 NY2d 157). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.