■ Paul Palmieri et al., Appellants, v William T. Higgins, Respondent. [754 NYS2d 569] —In an action, inter alia, for specific performance of a contract for the sale of real property and for a judgment declaring that the defendant's purported cancellation of the contract was invalid, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered January 22, 2002, which, upon the granting of the defendant's motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), dismissed the complaint.

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the defendant's cancellation of the contract was valid; as so modified, the judgment is affirmed, with costs to the defendant.

On January 24, 2001, the defendant contracted to sell a certain parcel of real property to the plaintiffs. Thereafter, the title company determined that the title was uninsurable. In response, the defendant, through his attorney, cancelled the contract. The plaintiffs rejected the cancellation, but did not state that they were willing to close on the property "as is."

The defendant established his entitlement to dismissal of the complaint by way of documentary evidence showing that he properly cancelled the contract in accordance with paragraph 22 of the contract and paragraph 30 of the rider to the contract. In response, the plaintiffs failed to show the existence of a factual question requiring the denial of the motion to dismiss the complaint. Accordingly, the Supreme Court properly granted the motion (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.,* 297 AD2d 649: *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

Since the plaintiffs' third and fourth causes of action sought a declaration as to the validity of the purported cancellation, the Supreme Court should have made the appropriate declaration in favor of the defendant (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.