JAMES ECKEL, Respondent, v JAMES D. FRANCIS II et al., Appellants, et al., Defendants. [774 NYS2d 552]—

In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to a contract for the sale of real property and for specific performance of the contract, the defendants James D. Francis II and Edwin Jacobson appeal, as limited by their brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered January 22, 2003, as granted the plaintiff's motion for summary judgment on his second cause of action for specific performance of the contract, denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and awarded judgment on that cause of action, and (2) so much of an order of the same court dated March 3, 2003, as, upon granting their motion for a stay of

enforcement of the order and judgment pending the appeal from the order and judgment, directed them to file an undertaking in the sum of $235,000.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, the plaintiff's motion is denied, the appellants' motion for summary judgment is granted, the second and fifth causes of action in the complaint insofar as asserted against the appellants are dismissed, the appellants are directed to return the down payment to the plaintiff, and it is declared that the contract was validly cancelled; and it is further,

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff and the appellants entered into a contract dated January 4, 2000, pursuant to which the appellants agreed to sell a vacant parcel of land, consisting primarily of tidal wetlands, to the plaintiff. The sale was contingent on the appellants filing for and obtaining all necessary governmental and municipal approvals for construction of a single-family dwelling with certain specifications. If one or more of the governmental or municipal agencies denied an application or approved construction with reduced dimensions below an acceptable size, or if the required approvals were not obtained by the expiration of the contingency period or any extension period, either party had the right to cancel the contract and, upon return of the down payment, the contract was to be "deemed at an end" with neither party having "any further rights or obligations with respect to the other." The contract also contained a handwritten insertion providing that the plaintiff could waive the contingencies "[a]t any time" and proceed to closing. The contingency period was initially one year, but was extended at the plaintiff's option for another six months, to July 4, 2001.

The appellants filed various applications and obtained certain governmental approvals. On April 6, 2001, the defendant Board of Trustees of the Incorporated Village of Southampton (hereinafter the Board of Trustees) filed a notice that the Incorporated Village of Southampton (hereinafter the Village) was in the process of acquiring the parcel of property by negotiation. By decision dated May 24, 2001, the Zoning Board of Appeals of the Incorporated Village of Southampton (hereinafter ZBA) denied the appellant's application for variances and a wetlands special permit based on a provision of the Village's Zoning Code which authorizes denial of a wetlands special permit when a governmental entity files a notice that it is in the process of acquiring any wetland by negotiation or condemnation. The decision noted

that the property had been identified as a preservation parcel proposed for public acquisition in the Village's 1989 Wetlands Action Plan and in the 1998 Town of Southampton Community Preservation Project Plan.

The plaintiff subsequently commenced this action against the appellants, the Board of Trustees, the ZBA, and the Village asserting causes of action, inter alia, for specific performance of the contract. He alleged that the appellants and the Village engaged in a scheme to facilitate termination of the contract and sought, among other things, to compel the appellants to perform their obligations under the contract and obtain all governmental approvals. The plaintiff also commenced a CPLR article 78 proceeding to review the April 6, 2001, notice of the acquisition process and the ZBA's May 24, 2001, decision.

On or about July 9, 2001, the appellants exercised their option to cancel the contract based on the ZBA's denial of the wetlands permit and the fact that not all approvals were obtained by the expiration of the extended contingency period on July 4, 2001. The attempted return of the down payment with accrued interest was rejected by the plaintiff.

On or about October 31, 2001, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the contract was properly cancelled, and in accordance with its terms, the rights and obligations of the parties were terminated. In opposition, the plaintiff claimed that the appellants acted in bad faith and failed to diligently apply for and obtain all the necessary approvals and permits.

On November 9, 2001, the Supreme Court dismissed the plaintiff's CPLR article 78 proceeding.

While the appellants' motion was pending, the plaintiff moved by order to show cause dated April 25, 2002, for summary judgment on the second cause of action for specific performance. For the first time, the plaintiff stated that he was willing to waive the contingencies and proceed to closing without the permits. In opposition, the appellants contended that the contract had already been cancelled and, therefore, the plaintiff no longer had the right to waive the contingencies and close title.

The Supreme Court denied the appellants' motion and granted the plaintiff's motion, concluding that the plaintiff had the right to waive the conditions to closing. We reverse.

The contract clearly and unambiguously gave either the plaintiff or the appellants the right to cancel if an application for a permit was denied. The appellants exercised their right

when the ZBA denied the application for a wetlands permit and the contingency period of the contract expired. At that point, all rights of the parties were terminated (see *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Palmieri v Higgins,* 302 AD2d 374 [2003]; *Buettner v McCray,* 300 AD2d 612 [2002]). Consequently, the defendants established their prima facie entitlement to summary judgment and, in opposition to their motion, the plaintiff failed to raise a triable issue of fact (see *W.W.W. Assoc. v Giancontieri, supra; Palmieri v Higgins, supra*). Since the contract was cancelled, the plaintiff could not exercise his right to waive the contingencies some nine months later. Contrary to his contention, he did not exercise that right prior to the cancellation by filing his complaint. In his complaint, the plaintiff sought to compel the appellants to complete the application process. Even a liberal reading of the complaint does not reveal any attempt by the plaintiff to exercise his right to waive the contingencies and proceed to closing "as is."

Since the plaintiff's first cause of action seeks a declaration as to the rights and obligations of the parties, the judgment requires an appropriate declaration in favor of the appellants (*see Palmieri v Higgins, supra*). Accordingly, we declare that the contract was validly cancelled.

In light of our determination, the appellants' contentions regarding the amount of the undertaking are academic. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.