■ MANZI HOMES, INC., Respondent, v DIEDRE MOONEY, Appellant. [816 NYS2d 130]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated December 8, 2004, as denied that branch of her motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

On July 11, 2001 the parties entered into a contract for the sale of undeveloped real property located in Mattituck, Suffolk County. The contract provided, inter alia, that it was contingent upon the plaintiff obtaining (1) approval from the Suffolk County Department of Health Services (hereinafter the DOH) for a sanitary system for a single-family residence, (2) a letter of public water availability from the Suffolk County Water Authority, or the installation of a test well and a water test indicating the availability of potable water on the parcel, and (3) a building permit from the Town of Southold Building Department for a single-family residence. The contract further provided, among other things, that either party could cancel the contract "[i]f the applications are not approved within the above time, or in the event potability is not found." The contract did not provide a time frame by which the plaintiff had to satisfy the contract contingencies. However, the plaintiff agreed to use due diligence in making and pursuing the applications.

A water analysis dated September 17, 2002 indicated that the water on the property was found to be not potable. The plaintiff did not obtain either a permit for the sanitary system from the DOH or a building permit from the Town of Southold Building

Department. In fact, on January 2, 2003, the DOH denied a variance allowing a septic system and a well on the subject property. The defendant, pursuant to the cancellation clause of the contract, cancelled the contract and returned the plaintiff's deposit. In response, the plaintiff declared time to be of the essence and demanded that the defendant tender a deed. Thereafter, the plaintiff commenced this action for specific performance of the contract. The Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

Contract language which is clear and unambiguous must be enforced according to its terms (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Moreover, where no time is expressed in a real estate contract for the performance of conditions, there is an implied duty to perform within a reasonable time (*see D'Abreau v Smith*, 240 AD2d 616, 617 [1997]; *Austin v Trybus*, 136 AD2d 940 [1988]). It is undisputed that the water on the property was found to be not potable, the plaintiff did not receive a sanitary system permit and it was unable to obtain a letter of public water availability within a reasonable period of time. The defendant, therefore, properly invoked the contract's cancellation clause (*see W.W.W. Assoc. v Giancontieri, supra; Buettner v McCray*, 300 AD2d 612 [2002]; *see also Nesdale v Banister*, 18 AD3d 841 [2005]; *Eckel v Francis*, 5 AD3d 719 [2004]). Additionally, contrary to the plaintiff's contention, it could not unilaterally waive the public water availability or potable water contingency in the contract, as that contingency was not inserted solely for its benefit (*see Jorjill Holding v Grieco Assoc.*, 6 AD3d 500, 502 [2004]; *cf. BPL Dev. Corp. v Cappel*, 86 AD2d 591 [1982]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.