**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1944

HOTEL ASSOCIATES, INCORPORATED,

Plaintiff, Appellant,

v.

HOWARD JOHNSON FRANCHISE SYSTEMS, INC.,

Defendant, Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Selya, Lipez, and Howard, Circuit Judges.

Wallace Vázquez Sanabria for appellant.
Arthur L. Pressman, with whom Gordon M. Jones, III and Nixon
Peabody LLP were on brief, for appellee.

August 1, 2006

**Per Curiam**.  This breach of contract case arose from a dispute between Hotel Associates, Incorporated ("Hotel Associates"), which had entered into a license agreement (the "Agreement") to open and operate a Howard Johnson hotel at a property known as the Carib Inn, and Howard Johnson Franchise Systems, Inc. ("Howard Johnson"), the licensor.  The district court decided the case in Howard Johnson's favor on cross-motions for summary judgment, and denied Hotel Associates' motion to alter or amend judgment.  This appeal followed.  For the reasons discussed below, we affirm.

**I.**

This court reviews the district court's grant or denial of summary judgment <u>de novo</u>, applying the same criteria as the district court, <u>Acosta</u> v. <u>Ames Dep't Stores, Inc.</u>, 386 F.3d 5, 8 (1st Cir. 2004), namely, whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "In conducting this review . . . [w]e are not wed to the lower court's rationale but, rather, may affirm the entry of summary judgment on any ground made manifest by the record."  <u>Okmyansky</u> v. <u>Herbalife Intern. of America, Inc.</u>, 415 F.3d 154, 158 (1st Cir. 2005).

**II.**

On appeal, Hotel Associates raises the following three issues: (1) was there a "change of ownership" of the Carib Inn, within the meaning of the Agreement, where the same individual, Benito R. Fernández ("Fernández"), was the sole shareholder of both the corporation that sold the property and the corporation that bought it?; (2) if so, did Hotel Associates' failure to notify Howard Johnson of this change of ownership result in automatic termination of the Agreement?; and (3) if the Agreement was not automatically terminated, did Howard Johnson breach the Agreement by licensing another entity to operate a Howard Johnson hotel in the same geographic area?

We discuss each of these issues in turn, "look[ing] solely to the language used by the parties to discern the contract's meaning." Vt. Teddy Bear Co. v. 538 Madison Realty Co., 807 N.E.2d 876, 879 (N.Y. 2004).[1]

**A.      Change of Ownership**

The Agreement requires the licensee to "notify Howard Johnson in writing at least 30 days in advance of the occurrence of any change of ownership of the Facility." Hotel Associates argues that there was no change of ownership because Fernández was the sole shareholder of both Horizons Hotel Corporation, the

_____

[1] By its terms, the Agreement is to be construed in accordance with New York law. Agreement, § 31.

-3-

corporation that previously owned the property, and R.R. Isla Verde Hotel Corp. ("Isla Verde"), the corporation that purchased the Carib Inn at a foreclosure sale. This argument is unavailing. "[A] corporation is a separate and distinct legal entity apart from its stockholders." Hotel Esplanade, Inc. v. Herman, 197 N.Y.S.2d 579, 582 (N.Y. Sup. Ct. 1960) (rejecting the converse argument that ownership of a hotel changed where the identity of the stockholders changed, despite continuity of the corporate ownership). Therefore, Isla Verde's purchase of the Carib Inn at a foreclosure sale constituted a change of ownership, notwithstanding the identity of the shareholder.

**B.        No Automatic Termination of Agreement**

Because there was a change of ownership, section 20(a) of the Agreement required Hotel Associates to notify Howard Johnson of that change, which Hotel Associates undisputedly did not do. This failure to give such notice, however, did not effect an automatic termination of the Agreement. The Agreement provides that it may be terminated without notice in two sets of circumstances. In one set of circumstances – including failure to give notice of a change of ownership under section 20(a) – "Howard Johnson may, in its sole discretion, immediately terminate this Agreement . . . ." Agreement, § 21(c) (emphasis added). By contrast, in other more serious circumstances not relevant here, the "Agreement shall automatically and immediately terminate . . . ." Id. (emphasis

-4-

added).  The use of the word "automatically" in the latter set of circumstances but not the former indicates that only the latter set of circumstances results in automatic termination.  See Nat'l Tax Inst., Inc. v. Topnotch at Stowe Resort & Spa, 388 F.3d 15, 18 (1st Cir. 2004) (stating that language discrepancies between different contract provisions "may cast light on meaning").  That reading is also supported by the use of the words "may, in its discretion . . . terminate" in the first instance but "shall . . . terminate" in the second.

Based on those language differences, we read the Agreement to mean that where, as here, a licensee fails to give notice of a change of ownership, Howard Johnson may exercise its discretion to terminate the contract, but the contract does not terminate ex proprio vigore ("by its own force," Black's Law Dictionary (8th ed. 2004)).  Cf. Automatic Ticket Sys., Ltd. v. New York, 512 N.Y.S.2d 283, 284 (N.Y. App. Div. 1987) (holding that license agreement terminated automatically upon transfer of control of licensee without licensor's approval where agreement "unambiguously" stated that the agreement "shall automatically terminate" in that event).  Because Howard Johnson did not exercise its discretion to terminate the Agreement, the Agreement remained in effect despite the change of ownership.  Cf. Eckel v. Francis, 774 N.Y.S.2d 552, 554 (N.Y. App. Div. 2004) (holding that contract was terminated when party exercised its discretionary right to do

so under the contract), <u>leave to appeal denied</u>, 820 N.E.2d 291 (N.Y. 2004).[2]

## C.  **No Breach of Territorial Protection Provision**

Having established that the Agreement did not automatically terminate upon the change of ownership of the Carib Inn, we must decide whether Howard Johnson breached the Agreement by licensing another entity to operate a Howard Johnson hotel in the same geographic area as Hotel Associates. The Agreement provides that "in the area delineated on Schedule C attached hereto, Howard Johnson shall not License other Howard Johnson lodging facilities upon the terms and conditions set forth on Schedule C." Agreement, § 30(b). Schedule C, in turn, provides that "Howard Johnson shall not license, <u>during the term of this License Agreement</u>, any Howard Johnson guest lodging facilities . . . within the [protected] territory." <u>Id.</u> at Schedule C (emphasis added). And, "the term of this Agreement (the 'License Agreement Term')" is expressly defined as "commenc[ing] upon the integration of the Facility into the Howard Johnson Reservation System," also known as the "Effective Date." <u>Id.</u> at § 4. Because the Carib Inn property was never integrated into the Howard Johnson Reservation

---

[2] The district court concluded that the failure to give notice effected an automatic termination of the Agreement, and granted summary judgment to Howard Johnson on that basis. Because we affirm the district court's decision on another independently sufficient ground, the lack of automatic termination does not affect the outcome of this appeal.

-6-

System, under the unambiguous language of the Agreement, the territorial protection provision, which Howard Johnson allegedly breached by licensing another company to operate a hotel in the protected area, was not in effect at the time of the alleged breach.[3] Therefore, Howard Johnson did not breach the Agreement and is entitled to summary judgment in its favor.[4]

### III.

The district court's grant of summary judgment to Howard Johnson, denial of summary judgment to Hotel Associates, and denial of Hotel Associates' motion to alter or amend judgment are **affirmed**. Costs are taxed against Hotel Associates.

---

[3] Hotel Associates cites deposition testimony of various Howard Johnson officials stating that the territorial protection provision of the Agreement went into effect at the time the Agreement was signed in 1993. However, that extrinsic evidence is immaterial, given the clear and unambiguous contractual language to the contrary. S. Rd. Assocs. v. IBM Corp., 826 N.E.2d 806, 809 (N.Y. 2005).

[4] Howard Johnson made this argument before the district court – i.e., that since Hotel Associates failed to integrate the Carib Inn property into the Howard Johnson Reservation System, the territorial protection provision never went into effect and, thus, there was no breach. The district court never reached this argument because it concluded that Hotel Associate's failure to notify Howard Johnson of the change of ownership effected an automatic termination of the Agreement.