■ Gregory E. Sulger, Respondent, v Danica Plumbing & Heating, LLC, et al., Appellants, et al., Defendant. [981 NYS2d 137]—

In an action, inter alia, to recover damages for breach of contract, the defendants Danica Plumbing & Heating, LLC, and Hollander & Strauss, LLP, appeal (1) from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated July 8, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and on the first and fourth counterclaims asserted by the defendant Danica Plumbing & Heating, LLC, and (2), as limited by their brief, from so much of an order of the same court dated June 29, 2012, as denied that branch of their motion which was for leave to renew, and, in effect, denied that branch of their motion which was for sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order dated June 29, 2012, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Danica Plumbing & Heating, LLC, and Hollander & Strauss, LLP, which was for leave to renew, and substituting therefor a provision granting that branch of the motion, and, upon renewal, vacating the order dated July 8, 2011, and thereupon granting their motion for

summary judgment dismissing the complaint insofar as asserted against them and on the first and fourth counterclaims asserted by the defendant Danica Plumbing & Heating, LLC; as so modified, the order dated June 29, 2012, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment in favor of Danica Plumbing & Heating, LLC, and against the plaintiff in the principal sum of $50,000 on the first and fourth counterclaims; and it is further,

Ordered that the appeal from the order dated July 8, 2011, is dismissed as academic in light of our determination of the appeal from the order dated June 29, 2012; and it is further,

Ordered that one bill of costs is awarded to the defendants Danica Plumbing & Heating, LLC, and Hollander & Strauss, LLP, payable by the plaintiff.

The defendant Danica Plumbing & Heating, LLC (hereinafter Danica), a contractor, formed a joint venture with the defendant DKS Construction (hereinafter DKS). The joint venture performed construction work. The plaintiff allegedly secured a payment and performance bond for the work.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract and unjust enrichment against Danica, DKS, and Danica's attorneys, the defendant Hollander & Strauss, LLP (hereafter H&S). In his complaint, the plaintiff alleged that, at the defendants' request, he procured the payment and performance bond "as a favor and accommodation" to the joint venture and the defendants, that he "advance[d]" $100,000 to do so, and that, despite agreeing to "reimburse the plaintiff for all premiums and monies he advanced," the defendants reimbursed the plaintiff only $50,000, leaving $50,000 due and owing to him, part of which was held in escrow by H&S. Danica and H&S (hereinafter together the appellants) answered and Danica asserted counterclaims for a refund of the $50,000 paid to the plaintiff, alleging that the plaintiff was not licensed to procure the payment and performance bond, which was not a valid bond.

The appellants moved for summary judgment dismissing the complaint insofar as asserted against them and on the first counterclaim, which alleged breach of contract, and the fourth counterclaim, which alleged negligent misrepresentation. In support of the motion, they asserted, inter alia, that upon information and belief, the plaintiff was not licensed to act as insurance broker in this state, and the payment and performance bond allegedly procured by the plaintiff was purportedly issued by a company not licensed to do business in this state and not

licensed to do business in its country of origin—Bermuda. The appellants asserted that the bond was worthless. In opposition, the plaintiff asserted that "[w]hether the bond was or was not bogus . . . [i]t served its purpose" of allowing construction to proceed. In an order dated July 8, 2011, the Supreme Court denied the appellants' motion.

The appellants moved for renewal, based upon the plaintiff's admission at his deposition, taken on September 13, 2011, that he was not licensed to procure insurance in this state. They further contended that sanctions were warranted based on frivolous conduct.

The deposition testimony of the plaintiff constituted new evidence, not available at the time of the original motion, which demonstrated that the plaintiff's actions in procuring the bond violated Insurance Law § 2102. Therefore, the appellants established, prima facie, that Danica's alleged contract with the plaintiff was illegal and unenforceable (see *Gutfreund v DeMian*, 227 AD2d 234 [1996]), and the plaintiff was not entitled to recover in equity for unjust enrichment (see *Barker v Kallash*, 63 NY2d 19, 29-30 [1984]; *Campbell v Thomas*, 73 AD3d 103, 116-117 [2010]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court should have granted leave to renew. Further, upon renewal, the court should have awarded summary judgment dismissing the complaint insofar as asserted against the appellants, and on the first and fourth counterclaims, on the ground that the plaintiff provided an invalid payment and performance bond.

On this record, we conclude that the Supreme Court properly denied that branch of the appellants' motion which was for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 (see *Palmieri v Higgins*, 302 AD2d 374 [2003]).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.

---

Motion by the respondent on appeals from two orders of the Supreme Court, Nassau County, dated July 8, 2011, and June 29, 2012, respectively, inter alia, to dismiss the appeal from the order dated June 29, 2012, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated January 29, 2013, the branch of the motion which is to dismiss the appeal from the order dated June 29, 2012, was held in abeyance and referred to the panel

of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal from the order dated June 29, 2012, on the ground that no appeal lies from an order denying reargument, is denied. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.