In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered January 23, 2013, as denied that branch of their motion which was for summary judgment dismissing the amended complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the first and third causes of action of the amended complaint and so much of the second and fourth causes of action of the amended complaint as sought recovery for services rendered with regard to all insurance policies placed by the plaintiff with Phoenix Life Insurance Company and for services rendered with regard to insurance policies placed by the plaintiff with Pacific Life Insurance Company prior to November 22, 2006, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants.
The plaintiff commenced this action, alleging that he and the defendant David F. Tellkamp (hereinafter Tellkamp) entered into an oral agreement pursuant to which they would work *728 together to sell insurance to prospective clients. The plaintiff alleged, inter alia, that pursuant to the agreement, if Tellkamp sold a policy to a client introduced to Tellkamp by the plaintiff, the plaintiff would be identified on those clients’ insurance applications and would be entitled to receive 50% of the commissions paid by the insurers. The plaintiff alleged that, thereafter, commencing in or around July 2006, he introduced Tellkamp to certain clients who purchased life insurance, but Tellkamp failed to include the plaintiffs name on their applications, or paid the plaintiff less than 50% of the commissions received in connection with those policies. The subject insurance policies were issued in New York by Phoenix Life Insurance Company (hereinafter Phoenix Life), and in New Jersey by Pacific Life Insurance Company (hereinafter Pacific Life).
The amended complaint asserted three causes of action against Tellkamp. The first and third causes of action alleged breach of contract, and the second cause of action alleged unjust enrichment. The fourth cause of action alleged that the remaining defendants, Alan Tellkamp and Tellkamp Associates, were unjustly enriched since those defendants purportedly received certain commissions allegedly due to the plaintiff under the agreement.
The defendants moved, inter alia, for summary judgment dismissing the amended complaint, arguing, in part, that the plaintiff could not legally recover any part of the commissions because the subject policies were solicited, applied for, and issued prior to the time when the plaintiff became a licensed agent of the insurers. The Supreme Court denied that branch of the motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants’ motion which was for summary judgment dismissing the breach of contract causes of action. At the time that the plaintiff allegedly contracted with Tellkamp and began providing services, the plaintiff was not licensed by the State of New York as an insurance broker or a licensed insurance agent appointed by Phoenix Life, and he was not licensed by the State of New Jersey as an insurance producer (see Insurance Law §§ 2103, 2104, 2112; NJ Stat Ann §§ 17:22A-29, 17:22A-28). Accordingly, he was not legally permitted to receive payment of insurance commissions, either directly from the insurers or indirectly from Tellkamp (see Insurance Law § 2114 [a]; NJ Stat Ann § 17:22A-41; Ops Gen Counsel NY Ins Dept No. 07-05-23 [May 31, 2007]). The alleged contract was therefore illegal and is unenforceable (see McEvoy v American Lumbermen’s Mut. Casualty Co. of Ill., 51 NYS2d 306 [1944], affd 269 App Div 857 *729 [1945], affd 295 NY 906 [1946]; Gutfreund v DeMian, 227 AD2d 234 [1996]).
The plaintiff may, however, recover in quantum meruit for services he performed, if any, after obtaining the licenses or appointments necessary to permit him to legally earn insurance commissions for such services (see McEvoy v American Lumbermen’s Mut. Casualty Co. of Ill., 51 NYS2d at 310; Gutfreund v DeMian, 227 AD2d 234 [1996]). In New York, insurance agents must be both licensed by the State and appointed by the insurer “prior to commencing any activities that would require an insurance agent license” (Ops Gen Counsel NY Ins Dept No. 07-05-23 [May 31, 2007]). The plaintiffs New York insurance agent license was issued on October 27, 2006, and the plaintiff was appointed as an agent by Phoenix Life effective April 24, 2007. All of the services allegedly performed by the plaintiff with regard to the Phoenix Life policies occurred prior to April 24, 2007. Accordingly, the plaintiff may not recover for such alleged services.
As to the Pacific Life policies, New Jersey law requires that a person be a licensed insurance producer in order to earn insurance commissions (see NJ Stat Ann §§ 17:22A-41, 17:22A-29, 17:22A-28). The plaintiffs New Jersey insurance producer’s license was effective November 22, 2006. While the plaintiff may not recover for services rendered prior to that date, the plaintiffs deposition testimony and written submissions raised a triable issue of fact as to what services, if any, he performed with regard to the Pacific Life policies on or after that date.
Accordingly, the Supreme Court should have granted those branches of the motion which were for summary judgment dismissing so much of the unjust enrichment causes of action as sought recovery for services related to the Phoenix Life policies, and for services related to the Pacific Life policies which were rendered prior to November 22, 2006.
The parties’ remaining contentions either have been rendered academic by our determination or are without merit.
Skelos, J.P, Austin, Sgroi and LaSalle, JJ., concur.