TC Tradeco, LLC v Karmaloop Europe, AG (2019 NY Slip Op 08143)





TC Tradeco, LLC v Karmaloop Europe, AG


2019 NY Slip Op 08143


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


651631/15 10328A 10328

[*1] TC Tradeco, LLC, Plaintiff-Appellant,
v
Karmaloop Europe, AG, Defendant, Capstone Partners LLC, et al., Defendants-Respondents.


Epstein Ostrove, LLC, New York (Elliot D. Ostrove of counsel), for appellant.
Casner & Edwards, LLP, Boston, MA (Michael J. Fencer of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for Capstone Partners LLC, CRS Capstone Partners, LLC and Brian Davies, respondents.
Kirsch & Niehaus PLLC, New York (Paul R. Niehaus of counsel), for Greg Selkoe, respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 4, 2019, which granted defendants Capstone Partners LLC, CRS Capstone Partners, LLC, and Brian Davies's motion for summary judgment dismissing the complaint as against them, granted defendant Greg Selkoe's motion for summary judgment to the extent of dismissing the unjust enrichment cause of action as against him, and denied plaintiff's motion for summary judgment, and order, same court and Justice, entered on or about May 28, 2019, which, upon reargument, vacated the January 4, 2019 order as to defendant Selkoe, and granted Selkoe's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.
Defendant Karmaloop Europe, AG and two related Karmaloop entities (collectively, Karmaloop), sellers of clothing online, entered into an inventory supply agreement (ISA) with plaintiff, which was formed to purchase inventory for Karmaloop. When it became clear that Karmaloop was facing financial difficulties, in January 2015, plaintiff, Karmaloop, and Karmaloop's restructuring advisor Capstone Partners, LLC entered into a payment protection agreement (PPA), pursuant to which Karmaloop vested Capstone with the authority to pre-authorize payments to "any person or entity," and Capstone agreed that it would not pre-approve Karmaloop to make such payments "if Karmaloop [was] not then current on any and all sums then owed to [plaintiff]" under the ISA. Shortly thereafter, plaintiff entered into an agreement with Karmaloop Inc. whereby Karmaloop paid off most of its debt. It still owed $291,000 to plaintiff, but held a $300,000 credit against that debt. From January to March 23, 2015, Karmaloop paid numerous vendors, and on March 23, 2015, Karmaloop Inc. and Karmaloop TV, Inc. filed for bankruptcy protection. Plaintiff commenced this action, alleging, inter alia, breach of the PPA against Karmaloop Europe, Capstone, Capstone's principal, Brian Davies, and Karmaloop's principal, Greg Selkoe.
The PPA's broad prohibition against Karmaloop's paying anyone without first satisfying the debt to plaintiff renders the PPA illegal and unenforceable, because it would effectively force Karmaloop to violate wage laws and tax laws, inter alia, to be in compliance. The PPA violates the Massachusetts Wage Act (Karmaloop's principal place of business is in Massachusetts), which provides that employers must pay their employees weekly or bi-weekly (MGL ch 149 § 148) and that violations of that provision are punishable by fine or imprisonment (id. § 27C[a][1]) (see Sturm v Truby, 245 App Div 357, 359 [4th Dept 1935]; see e.g. Village Taxi [*2]Corp. v Beltre, 91 AD3d 92, 99-100 [2d Dept 2011]; Gutfreund v DeMian, 227 AD2d 234, 234-235 [1st Dept 1996]). The PPA also offends public policy by prohibiting the payment of taxes and other legal obligations to the State prior to satisfying plaintiff's debt (see Lanza v Carbone, 130 AD3d 689, 691-692 [2d Dept 2015]; see also Castellotti v Free, 138 AD3d 198, 205-206 [1st Dept 2016]).
In view of the foregoing, we do not reach plaintiff's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK