HELEN M. RODGERS, Respondent, *v.* WILLIAM J. RODGERS
et al., as Executors of JOHN C. RODGERS, Deceased,
Appellant.

**Pleading — contract — action for breach — defense of mutual
agreement to cancel and rescind contract before alleged breach
sufficient — promise of one to forego, consideration for other
to forego.**

1. A defense that, after the making of a contract and before any
of the breaches thereof alleged in the complaint, it was mutually
agreed between the parties thereto that the said contract should be
waived, abandoned and rescinded and the same was then waived,
abandoned and rescinded accordingly, is sufficient and a demurrer
thereto should be overruled.

2. A contention that the defense is insufficient because it does
not allege consideration for the waiver, abandonment or rescission
cannot be sustained. The promise of one to forego is a consideration
for the other to forego.

*Rodgers* v. *Rodgers*, 203 App. Div. 682, modified.

(Argued February 28, 1923; decided April 17, 1923.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered December 22, 1922, which affirmed an
order of Special Term sustaining demurrers to certain
defenses and a counterclaim set up in the answer.

The following questions were certified: "1. Is the
first separate and distinct defense set forth in the answer
insufficient in law upon the face thereof?

"2. Is the second separate and distinct defense set forth
in the answer insufficient in law upon the face thereof?

"3. Is the third separate and distinct defense set forth
in the answer insufficient in law upon the face thereof?

"4. Has the Supreme Court of this State jurisdiction
of the subject of the counterclaim set forth in the answer?

"5. Should the demurrer to said counterclaim be
sustained on the ground that the counterclaim is not
of the character specified in section 501 of the Code

of Civil Procedure, that is to say, that relief is not sought therein against this plaintiff or against a person whom she represents?

" 6. Does the said counterclaim state facts sufficient to constitute a cause of action? "

*Thomas F. Conway, Joseph A. Kellogg* and *Thomas E. O'Brien* for appellant. The facts alleged in the third defense, mutual agreement to waive, abandon and rescind, and waiver, abandonment and rescission, constitute a valid defense. (*Spier* v. *Hyde,* 78 App. Div. 151; *McCreery* v. *Day,* 119 N. Y. 1; *Fischer* v. *Mahland,* 191 App. Div. 209; *Schwartzreich* v. *Bauman-Basch, Inc.,* 231 N. Y. 196.)

*Joseph F. Murray* and *Harry A. Redmond* for respondent. The third defense is insufficient, and the third question certified should be answered in the negative. (*Kneuper Specialty Co.* v. *Kneuper,* 171 App. Div. 555; *Schwartzreich* v. *Bauman-Basch,* 231 N. Y. 196.)

McLaughlin, J. The action was brought against defendant's testator, and after his death was continued against his executors, upon an agreement, the terms of which are set forth in the opinion delivered on a former appeal to this court. (*Rodgers* v. *Rodgers,* 229 N. Y. 255.) A demurrer was interposed to the complaint which was overruled at Special Term, but on appeal to the Appellate Division was sustained. (*Rodgers* v. *Rodgers,* 186 App. Div. 77.) On appeal to this court the order of the Appellate Division was reversed and the demurrer overruled. (*Rodgers* v. *Rodgers, supra.*) Leave was given to the defendants, however, to withdraw their demurrer and interpose an answer, which they did, setting up certain defenses and a counterclaim. The plaintiff demurred to the first, second and third defenses, as well as to the counterclaim. These demurrers were sustained at the Special Term and its order affirmed by the Appel-

late Division, with leave to appeal to this court, certifying certain questions.

We are entirely satisfied with the disposition made of the appeal at the Appellate Division, except as to the third defense, and as to that we are of the opinion facts are set forth which constitute a defense, and for that reason the demurrer should have been overruled.

This defense alleges, upon information and belief, that after the making of the contract alleged in the complaint, and on or about the first day of August, 1909, and before any of the breaches thereof set forth in the complaint, it was mutually agreed by and between the plaintiff and said James M. Rodgers and said John C. Rodgers that the said contract should be waived, abandoned and rescinded, and the same was then waived, abandoned and rescinded accordingly.

It is urged that this defense is insufficient because it does not allege there was any consideration for the waiving, abandonment or rescission, but this overlooks the fact that the promise of one to forego is a consideration of the other to forego. No reason can be suggested why parties to a contract, before there is any breach and so long as neither party has completely performed or been discharged from his obligation, may not mutually agree to cancel and rescind the contract altogether. (*Schwartz-reich* v. *Bauman-Basch, Inc.*, 231, N. Y. 196, 205; Williston on Contracts, secs. 1826–1829; *Rollins* v. *Marsh*, 128 Mass. 116, 120.)

The orders appealed from should be modified so as to overrule the demurrer to the third defense and as so modified affirmed, without costs. The first, second and sixth questions certified should be answered in the affirmative, the third in the negative, and the fourth and fifth not answered.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.