SAMUEL L. GOLDSTEIN, Respondent, *v.* JACOB SHAPIRO, Appellant.

FINCH, J. (dissenting). The sole question presented is whether these two affirmative defenses are sufficient upon their face. The plaintiff seeks to recover from the defendant a sum of money representing the proportionate share of the

losses sustained in a partnership business. The complaint alleges that the plaintiff and defendant entered into a partnership agreement and agreed that all losses sustained should be borne equally; that thereafter the plaintiff contributed some $13,000, and the defendant contributed the sum of $4,600; that thereafter the business continued until, in view of losses sustained in the business, the plaintiff and defendant made an assignment of all of the remaining assets and property to trustees for the benefit of their creditors; that after such assignment and liquidation of the business and payment of the creditors in accordance therewith, there remained no balance in the hands of the trustees and nothing was returned to the plaintiff and defendant, but that the entire contribution of both, as aforesaid, was lost. The answer admits the partnership and the assignment and makes various denials. The first affirmative defense is as follows: " *Fifth*. Alleges on information and belief that at the time of the said assignment referred to in paragraph numbered ' Third ' of plaintiff's amended complaint, plaintiff's Exhibit ' B,' plaintiff agreed with the defendant and with the trustees for creditors, that in consideration of the creditors agreeing to the assignment and the agreement of plaintiff's father, David Goldstein, with the creditors to waive all but a certain portion of the claim he had against the partnership, so that the settlement with the creditors might be made on a good basis and to protect the credit of his son, the plaintiff, he, the plaintiff, waived any and all claim to any right to contribution from the defendant under the copartnership agreement referred to in paragraph numbered ' First ' of plaintiff's amended complaint, plaintiff's Exhibit ' A.' " The plaintiff claims that this is bad both in form and in substance. In form, because the allegation of waiver is a mere conclusion of law in the absence of a statement of the facts relied upon as constituting the waiver. It is obvious that the defendant is using the word " waived " in the sense of " released." (Williston Cont. §§ 690, 694.) But passing by the strictly technical use of the word " waiver " and giving to the pleading its fair intendment, the first affirmative defense should be construed as setting forth agreements all made at one time, namely, that if the plaintiff and defendant would make the assignment for the benefit of their creditors and the creditors would sign, that the father of the plaintiff would release a certain portion of his claims and that the plaintiff would release the defendant. That such was the intention of the parties is also shown by the affidavit of Charles J. Davis, appearing in this record. If it can be shown that the defendant entered into the assignment or did any other act in consideration of the promise of the plaintiff to release him from further contribution to the firm, the defense is valid. Upon pleading such a defense the defendant should have an opportunity to present his evidence at the trial in substantiation thereof. The second defense is as follows: " *Sixth*. Alleges on information and belief that as a condition of the execution of the Settlement Agreement, plaintiff's Exhibit ' B,' by the plaintiff and the defendant, it was agreed by and between them that they would and did release each other from any and all liability arising out of the co-partnership agreement, plaintiff's Exhibit ' A.' " Such defense as alleged is clearly good. The promise of one to release and forego is sufficient consideration for the promise of the other to release and forego any and all liability arising out of the copartnership agreement. (*Rodgers* v. *Rodgers*, 235 N. Y. 408.) It follows that the order appealed from should be reversed and the motion to strike out denied. Dowling, P. J., concurs.