■ RONALD RICHARDSON, as Parent and Natural Guardian of CRAIG B. RICHARDSON and Another, Infants, Appellant, v THOMAS J. DORATO, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 30, 1982 in Albany County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. The order entered at Special Term should be affirmed. Plaintiff argues that the December 1, 1970 agreement did not supersede the April 15, 1970 agreement because the intent of the parties to cancel the earlier agreement is ambiguous and because the provisions of an earlier agreement which are not contrary to a later agreement survive the later agreement. We disagree. The rule to be followed in construing contracts is well established. "[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein" (22 NY Jur 2d, Contracts, § 198, p 41; see, e.g., *Breed v Insurance Co. of North*

---

*Amer.,* 46 NY2d 351, 355). It is also axiomatic that the parties to an agreement can mutually agree to terminate it (*Rodgers v Rodgers,* 235 NY 408, 410, mot on other grounds 236 NY 577; *Schwartzreich v Bauman-Basch, Inc.,* 231 NY 196, 205; *Strychalski v Mekus,* 54 AD2d 1068). In the case at bar, the language of the December 1, 1970 agreement unambiguously states that "any and all prior agreements" between defendant and Gabrilove regarding gift or sale of the stock are superseded. The April 15, 1970 agreement and May, 1954 agreement fall within the express terms of this clause and are, therefore, superseded. Since the controlling December 1, 1970 pact imposes no obligation on defendant or Gabrilove to purchase any stock at any time, plaintiff has no cause of action and further discovery, as requested by plaintiff, will not alter this fact. Plaintiff's contention that Special Term erroneously granted defendant's motion to dismiss because it treated the motion as one for summary judgment pursuant to CPLR 3211 (subd [c]) without affording plaintiff an opportunity for discovery is without merit. When the movant, as here, shows by affidavits and other proof that no dispute exists, a motion under CPLR 3211 (subd [a], par 7) can properly be granted (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25, p 31). We have examined plaintiff's other arguments for reversal and find them unpersuasive. *Order affirmed, without costs.* Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.