■ B.S.P. DEVELOPMENT CORPORATION, Appellant, v ORPHAN ASYLUM SOCIETY OF THE CITY OF BROOKLYN, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Jones, J.), entered November 16, 1988, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) as limited by its brief, from so much of an order of the same court entered April 4, 1989, as amended May 10, 1989, as, upon reargument, adhered to the original determination granting summary judgment in favor of the defendant and denied that branch of the plaintiff's motion which sought a change of venue.

Ordered that the appeal from the order entered November 16, 1988, is dismissed, as that order was superseded by the order entered April 4, 1989, as amended May 10, 1989; and it is further,

Ordered that the order entered April 4, 1989, as amended May 10, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

On August 24, 1984, the defendant seller contracted to sell a tract of land in East Islip, Long Island, to the plaintiff purchaser. The contract made the price contingent upon the number of approved subdivision lots, and gave the seller the option of canceling the contract in the event approval for a minimum number of lots could not be obtained. The original closing date of February 24, 1985, was extended to September 30, 1985, at the request of the purchaser. Closing did not take place on that date, and apparently no future definite date was scheduled. Over a year passed by without subdivision approval being obtained, and, eventually, by letter dated February 5, 1987, the seller notified the purchaser that it was canceling the contract and returning the down payment with interest. Thereafter, the purchaser brought the instant action seeking specific performance of the contract. The Supreme Court granted the seller's motion for summary judgment and we affirm.

Although there was no contract provision setting a time limit within which the purchaser was to obtain the necessary subdivision approval, the seller did not cancel the contract until approximately 2½ years after the contract date and 1½ years after the last scheduled closing date.

Inasmuch as the contract expressly granted to the seller the right to cancel the contract in the event that the requisite subdivision approval was not obtained, and such approval was not obtained, the seller properly exercised its right to terminate the contract *(see, Oak Bee Corp. v Blankman & Co.,* 154 AD2d 3, 7; *W.W.W. Assocs. v Giancontieri,* 152 AD2d 333, 336-339). Moreover, in the absence of any subdivision approval, there was no way of ascertaining the actual purchase price for the property, since the price was contingent upon the number of approved lots.

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.