■ NEVELIN C. JONES, Appellant, v LOUIS S. TRICE, Respondent. [608 NYS2d 688] —In an action, *inter alia*, for the specific performance of a contract to sell real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated February 27, 1992, which, *inter alia*, granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the evidence is insufficient to establish that she abandoned a written contract, dated Octo-

ber 24, 1985, for the sale of real property. We disagree. It is well settled that the parties to an agreement can mutually agree to terminate it by expressly assenting to its rescission while simultaneously entering into a new agreement dealing with the same subject matter *(see, Rodgers v Rodgers,* 235 NY 408, 410, *remittitur amended on other grounds* 236 NY 577; *Schwartzreich v Bauman-Basch, Inc.,* 231 NY 196, 205; *Richardson v Dorato,* 92 AD2d 687, 688; *Strychalski v Mekus,* 54 AD2d 1068). The purchaser signed a sales contract, dated March 31, 1989 which expressly stated that "[a]ll oral or written statements, representations, promises, understandings and agreements of SELLER and PURCHASER are merged into and superseded by this contract and the agreement (rider) annexed hereto, which alone fully and completely expresses their agreement". The language of the March 31, 1989, agreement effectively terminated the October 24, 1985, agreement, since it was in writing and signed by the party against whom cancellation was sought to be enforced *(see,* General Obligations Law § 5-1103).

Moreover, the record amply supports the finding of the Supreme Court that the conduct of the plaintiff and the attendant circumstances constituted an abandonment of the October 24, 1985, contract *(see, Matter of Rothko,* 43 NY2d 305, 324; *Rosiny v Schmidt,* 185 AD2d 727, 732; *Dutch v Basile,* 170 AD2d 966; *Matter of Schanzer,* 7 AD2d 275, *affd* 8 NY2d 972).

Furthermore, the Supreme Court correctly found that the defendant properly exercised his right to terminate the March 31, 1989, contract, inasmuch as the plaintiff failed to obtain a mortgage commitment within the time period expressly stated in the contract *(see, B.S.P. Dev. Corp. v Orphan Asylum Socy.,* 165 AD2d 850, 851; *Oak Bee Corp. v Blankman & Co.,* 154 AD2d 3, 7; *W.W.W. Assocs. v Giancontieri,* 152 AD2d 333, 336-339). The plaintiff has failed to present any evidentiary facts sufficient to support her conclusory allegation that the defendant prevented her from applying for a mortgage by failing to give her a finalized copy of the signed March 31, 1989, contract *(see, Zuckerman v City of New York,* 49 NY2d 557, 563; *Rotuba Extruders v Ceppos,* 46 NY2d 223). Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.