■ RAYMOND TARTAGLIONE, Appellant-Respondent, v KUDER ISLAND COLONY, INC., et al., Respondents-Appellants. [899 NYS2d 348]—

In a shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (O. Bel-

lantoni, J.), entered January 16, 2008, which granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and for an award of an attorney's fee, and denied, as academic, his motion for a preliminary injunction and (2) a judgment of the same court dated December 1, 2008, which, upon the order, is in favor of the defendants and against him dismissing the complaint, and the defendants cross-appeal from so much of the same judgment as, upon the order, failed to award them an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff is a shareholder of the defendant Kuder Island Colony, Inc. (hereinafter the corporation), a corporation formed by the residents of Hen Island in the City of Rye. He commenced this action against the corporation and its officers and directors, alleging that they breached their fiduciary obligations by, inter alia, failing to ensure shareholder compliance with the Westchester County Sanitary Code, and seeking to compel them to implement various policies. The plaintiff further sought reimbursement of certain sums he spent in maintaining Hen Island.

The plaintiff moved for a preliminary injunction compelling the defendants to implement certain of the policies at issue, pending determination of the matter. The defendants opposed and cross-moved, inter alia, for summary judgment dismissing the complaint and for an award of an attorney's fee. The Supreme Court granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and for an award of an attorney's fee, and denied the plaintiff's motion as academic. Judgment was entered in favor of the defendants dismissing the complaint, albeit without a provision awarding them an attorney's fee.

The Supreme Court properly granted that branch of the de-

fendants' cross motion which was for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action by demonstrating that the challenged actions of the corporation's board of directors are protected by the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 539 [1990]; *Acevedo v Town 'N Country Condominium, Section I, Bd. of Mgrs.*, 51 AD3d 603 [2008]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]), or are responsibilities placed on individual shareholders by corporate by-laws and operating rules. The postsubmission letters by the Deputy Commissioner of the Division of Environmental Health of the Westchester County Department of Health (hereinafter the DOH), which established that DOH inspections revealed no violations of the Westchester County Sanitary Code, were properly considered by the Supreme Court, despite a local court rule prohibiting consideration of postsubmission letters (*see* 22 NYCRR 202.1 [b]), since the plaintiff himself requested that the Supreme Court accept further submissions concerning the outcome of an inspection of Hen Island conducted by the DOH on July 17, 2007. Consequently, the plaintiff may not complain that the Supreme Court improperly accepted the postsubmission letters merely because the results of the inspection were not to his satisfaction.

The defendants established their entitlement to judgment as a matter of law dismissing the second cause of action by demonstrating that they did not accept, and the plaintiff did not have a reasonable expectation of compensation for, the unauthorized activities undertaken by the plaintiff's beautification committee (*see Soumayah v Minnelli*, 41 AD3d 390 [2007]). In response to these showings, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

In light of this determination, the plaintiff's motion for a preliminary injunction was properly denied as academic.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]), as the brief submitted by the respondents-appellants does not seek reversal or modification of any portion of the judgment. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.