■ In the Matter of TIMOTHY J. O'BRIEN, Respondent, v STEVEN YUGARTIS, as Mayor of the Village of Potsdam, et al., Appellants. [55 NYS3d 481]—

Aarons, J. Appeal from that part of a judgment of the Supreme Court (Main Jr., J.), entered March 9, 2016 in St. Lawrence County, which, in a combined proceeding pursuant to CPLR article 78 and an action for declaratory judgment, partially granted petitioner's motion for summary judgment, reinstated petitioner to his former position of full-time Code Enforcement Officer and awarded him back wages.

Respondent Village of Potsdam employed petitioner as a part-time Code Enforcement Officer (hereinafter CEO). On May 30, 2011, petitioner took on the role of full-time CEO, but he was subsequently terminated from that position on May 30, 2012. After serving a notice of claim in June 2012, petitioner commenced this hybrid CPLR article 78 proceeding and action for declaratory judgment in September 2012, alleging, among other things, that his constitutional rights were violated and seeking annulment of the decision to terminate his employment. After the matter was removed to federal court, petitioner filed an amended petition/complaint seeking, among other things, reinstatement to his position of full-time CEO or, alternatively, reinstatement to the position of part-time CEO. Upon respondents' motion for summary judgment, the federal court dismissed the fourth cause of action in the amended petition/complaint alleging a constitutional violation. The federal court also declined supplemental jurisdiction over the remaining state law claims and the matter was remanded to Supreme Court. Upon remand, petitioner moved, and respondents cross-moved, for summary judgment. Supreme Court, among other things, granted petitioner's motion as to the first cause of action and reinstated petitioner to the position of full-time CEO with back pay and dismissed, as moot, petitioner's alternative request for reinstatement to the position of part-time CEO (fifth cause of action). Respondents now appeal from so much of the judgment as it pertains to the first and fifth causes of action.

A probationary employee may be dismissed from his or her employment without a hearing and without a statement of

reasons (*see Matter of Hanson v Crandell*, 141 AD3d 982, 985 [2016]; *Matter of Higgins v La Paglia*, 281 AD2d 679, 680 [2001], *appeal dismissed* 96 NY2d 854 [2001]; *Matter of Weir v State of N.Y. Thruway Auth.*, 231 AD2d 836, 837 [1996]; *see generally Matter of York v McGuire*, 63 NY2d 760, 761 [1984]). As relevant here, the Rules for the Classified Civil Service of St. Lawrence County (hereinafter the St. Lawrence Rules), which have the force and effect of law (*see Matter of Colao v Village of Ellenville*, 223 AD2d 792, 793 [1996], *lv dismissed and denied* 87 NY2d 1041 [1996]), delineate the duration of a probationary period depending on whether an employee was transferred or appointed to his or her position. Respondents contend that, because petitioner was appointed and not, as Supreme Court found, transferred to his position of full-time CEO, petitioner was subject to a 12-month probationary period and, accordingly, his termination on May 30, 2012, which was during his probationary period, was proper. We agree with respondents.

Assuming, without deciding, that the statements in petitioner's notice of claim regarding his probationary period did not constitute judicial admissions, the record nonetheless demonstrates that petitioner was appointed, and not transferred, to his position of full-time CEO. The St. Lawrence Rules define "transfer" as "the change, without further examination, of a permanent employee from a position under the jurisdiction of one appointing authority to a similar position under the jurisdiction of another appointing authority or to a similar position under the jurisdiction of the same appointing authority" (Rules for the Classified Civil Service of St. Lawrence County rule I [7] [2011]). Transferees are subject to a three-month probationary period (*see* Rules for the Classified Civil Service of St. Lawrence County rule XIV [2] [b]).

Here, even though petitioner may have performed similar duties in his capacity as a full-time and a part-time CEO, David Fenton, the Village Administrator, explained in his affidavit that the position of part-time CEO was not similar to the position of full-time CEO. Fenton stated that the full-time CEO, unlike the part-time CEO, must be hired from the civil service list. While the part-time CEO position can be filled by someone who took and passed a civil service test, it is unnecessary for such hired person to come from the civil service list. Furthermore, the full-time CEO has a higher hourly pay rate as compared to the part-time CEO and has limited supervisory powers over the part-time CEO.

The documentary evidence also reflects that petitioner was

appointed, and not transferred, to the position of full-time CEO. In this regard, when petitioner assumed his position as the full-time CEO, the corresponding resolution "approv[ed] the probationary appointment of [petitioner]" effective May 30, 2011, and the report of personnel change specifically marked a box stating that the change was a probationary appointment. Notably, in this same report, the box for "Transfer" was left unmarked. Indeed, Fenton stated that a transfer is effectuated by a formal civil process, which was not done here. Based on the foregoing, we find that the record evidence demonstrates that petitioner was appointed to the position of full-time CEO.

Accordingly, petitioner was subject to a probationary term "of not less than two (2) calendar months nor more than twelve (12) calendar months" (Rules for the Classified Civil Service of St. Lawrence County rule XIV [1] [a]).[1] If the probationary employee's conduct or performance is unsatisfactory, such employee may be terminated at any time after the completion of the minimum period and "on or before" the completion of the maximum period of probationary service (Rules for the Classified Civil Service of St. Lawrence County rule XIV [1] [c]). Additionally, the St. Lawrence Rules provide that nothing therein shall be construed to limit respondents from removing a probationary employee for incompetency or misconduct "at any time during the probationary term" (Rules for the Classified Civil Service of St. Lawrence County rule XIV [8]). Given that petitioner's appointment was effective on May 30, 2011, the probationary period ended, at the latest, 12 calendar months thereafter—i.e., on May 30, 2012 (see General Construction Law § 30). To that end, because petitioner was terminated on May 30, 2012, which was still "on or before" the completion of the maximum period of probationary service (Rules for the Classified Civil Service of St. Lawrence County rule XIV [1] [c]), the first cause of action in the amended petition/complaint should have been dismissed (see Matter of Van Dyke v New York State Dept. of Educ., 144 AD2d 85, 89 [1989], lv denied 74 NY2d 607 [1989]).[2]

Nor would petitioner be entitled to reinstatement to his

---

1. Relying on Fenton's deposition testimony, petitioner alternatively argues that his probationary term was six months. We reject this contention inasmuch as Fenton testified that, although he "believe[d] it's six months, that can be extend[ed] to a year," he was "not absolutely certain of that" and further stated that such term was determined by the St. Lawrence Rules.

2. In light of this determination, it is unnecessary for us to determine whether petitioner's probationary period was properly extended based upon his absences from work during the probationary period (see generally Rules for the Classified Civil Service of St. Lawrence County rule XIV [4]).

previous position of part-time CEO. The St. Lawrence Rules permit reinstatement to a formerly held position but only in circumstances where the employee was "promoted or transferred" to a new position (Rules for the Classified Civil Service of St. Lawrence County rule XIV [3]). In light of our determination that petitioner was appointed, he is not entitled to reinstatement to the position of part-time CEO.

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's motion for summary judgment and denied respondents' cross motion for summary judgment with respect to the first cause of action; motion denied and cross motion granted to said extent; and, as so modified, affirmed.