B&A Realty Mgt., LLC v Gloria (2021 NY Slip Op 08216)





B&A Realty Mgt., LLC v Gloria


2021 NY Slip Op 08216


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05961
 (Index No. 34993/17)

[*1]B & A Realty Management, LLC, et al., appellants,
v
John Gloria, respondent.


Mackey Butts & Wise, LLP, Poughkeepsie, NY (Rebecca A. Valk and Terry D. Horner of counsel), for appellants.
Ira M. Emanuel (Lynch Lynch Held Rosenberg, P.C., New City, NY [Joseph M. Cerra], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 24, 2018. The order, insofar as appealed from, denied the plaintiffs' motion for preliminary injunctive relief and granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 2, 2014, the plaintiff B & A Realty Management, LLC (hereinafter B & A Realty), and the defendant entered into a purchase and sale agreement whereby the defendant agreed to sell an undeveloped parcel of property in Suffern to B & A Realty for a purchase price of $1 million. The agreement provided, inter alia, that it was contingent upon B & A Realty, as the purchaser, obtaining all governmental approvals for the development of the parcel within 24 months from the end of a 90-day due diligence period. The date by which B & A Realty was to obtain the approvals was referred to as the approval date, and the agreement contained a provision allowing B & A Realty to extend the approval date by three months on two occasions. The closing was to occur 30 days after the approval date. Paragraph 7(b) of the agreement conferred on either party the right to cancel the agreement if all necessary approvals were not obtained by the approval date, as extended. B & A Realty subsequently assigned the agreement to the plaintiff 175 Lafayette Avenue, LLC (hereinafter 175 Lafayette). The defendant granted a 30-day extension of the due diligence period, and 175 Lafayette thereafter obtained most of the governmental approvals contemplated under the agreement.
On September 28, 2017, 175 Lafayette's attorney advised the defendant that the final permit from the New York State Department of Transportation was expected within 60 to 90 days. By letter dated October 2, 2017, the defendant, pursuant to the cancellation clause of the agreement, cancelled the agreement and directed his attorney to return the down payment held in escrow. In response, by letter dated October 3, 2017, 175 Lafayette declared time to be of the essence, waived the contractual contingency of obtaining all governmental approvals, and stated that it was ready, willing, and able to close.
Thereafter, the plaintiffs commenced this action, inter alia, for specific performance of the agreement and simultaneously moved, inter alia, for preliminary injunctive relief. The defendant opposed the motion for a preliminary injunction, and cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. By order dated April 24, 2018, the Supreme Court, among other things, granted the defendant's cross motion to dismiss the complaint, and denied the plaintiffs' motion for a preliminary injunction. The plaintiffs appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). However, where the movant submits evidentiary material, and the motion is not converted into one for summary judgment, a court must then determine whether the proponent of the pleading has a cause of action, as opposed to whether one was stated (see Morris v Morris, 306 AD2d 449, 451; Meyer v Guinta, 262 AD2d 463, 464).
"To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Teitler v Pollack & Sons, 288 AD2d 302, 302; see Leon v Martinez, 84 NY2d at 87-88). Further, the issue of whether or not a writing is ambiguous is a question of law to be resolved by the courts, and a clear and complete writing will be enforced according to its terms (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157). Paragraph 7(b) of the agreement clearly and unambiguously provided that "Seller or Purchaser may terminate this Agreement" if "Purchaser has not satisfied this contingency [to secure the governmental approvals] by the end of the Approval Date as extended."
Contract language which is clear and unambiguous must be enforced according to its terms (see id. at 162). Where, as here, a condition in a real estate contract relating to government approval expressly grants to the seller the right to cancel the contract in the event that the requisite approval is not obtained, the seller may properly exercise its right to terminate the contract if such approval is not timely obtained (see B.S.P. Dev. Corp. v Orphan Asylum Socy. of City of Brooklyn, 165 AD2d 850; Oak Bee Corp. v Blankman & Co., 154 AD2d 3, 7). However, the seller may, orally or by its conduct, waive its contractual right to cancel the contract (see Ehrenpreis v Klein, 260 AD2d 532; Dellicarri v Hirschfeld, 210 AD2d 584; Kaufman v Haverstraw Rd. Lands, 158 AD2d 675).
It is undisputed that 175 Lafayette failed to obtain all governmental approvals within the time period expressly stated in the agreement. The effective date of the agreement was December 2, 2014. The parties agree that the due diligence period ended on April 1, 2015. As such, the 24-month approval period began on April 2, 2015 (see General Construction Law § 20; People v Stiles, 70 NY2d 765, 767), and, without any extensions, would have expired on April 1, 2017 (see General Construction Law §§ 25-a, 30). The two three-month extensions exercised by 175 Lafayette would have expired on July 1, 2017, and October 1, 2017, respectively (see General Construction Law § 30; Matter of O'Brien v Yugartis, 150 AD3d 1441, 1443). Accordingly, contrary to the plaintiffs' contention, the approval date as extended was October 1, 2017. Since 175 Lafayette failed to obtain all governmental approvals by October 1, 2017, we agree with the Supreme Court that the defendant properly cancelled the agreement on October 2, 2017, in accordance with paragraph 7(b) thereof.
The plaintiff did not allege any words or conduct of the defendant reflecting an intent to waive his contractual right to cancel the agreement. The defendant, therefore, properly exercised his right to cancel the agreement pursuant to its cancellation clause (see W.W.W. Assoc. v Giancontieri, 77 NY2d at 162; Manzi Homes, Inc. v Mooney, 29 AD3d 748; Eckel v Francis, 5 AD3d 719, 722; Buettner v McCray, 300 AD2d 612; Jones v Trice, 202 AD2d 394, 395).
Additionally, contrary to the plaintiffs' contention, 175 Lafayette could not unilaterally waive the governmental approval contingency in the contract, as that contingency was not inserted solely for its benefit (see Jorjill Holding v Grieco Assoc., 6 AD3d 500, 502; cf. BPL [*2]Dev. Corp. v Cappel, 86 AD2d 591). The language of the cancellation clause clearly provided that, if the purchaser failed to obtain the necessary governmental approvals and either party terminated the agreement, the deposit would be returned and "the parties shall have no further liability or obligation to each other except for those that expressly survive termination of this Agreement." In any event, as the agreement was cancelled, the purchaser could not exercise its right to waive the contingency (see Eckel v Francis, 5 AD3d at 722). Moreover, the cause of action alleging breach of the covenant of good faith and fair dealing fails because it is predicated on the defendant's exercise of his unambiguous contractual right to terminate the agreement (see Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 69-70).
Accordingly, the Supreme Court properly granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint, and denied the plaintiffs' motion for a preliminary injunction.
In light of the foregoing, we need not reach the parties' remaining contentions.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court