Hogue v Village of Dering Harbor (2021 NY Slip Op 06346)





Hogue v Village of Dering Harbor


2021 NY Slip Op 06346


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-06279 
2019-11908
2019-13333
 (Index No. 610573/18)

[*1]Timothy Hogue, et al., appellants,
v
Village of Dering Harbor, et al., respondents.


Lamb & Barnosky, LLP, Melville, NY (Joel M. Markowitz of counsel), for appellants.
MargolinBesunder LLP, Islandia, NY (Linda U. Margolin and Mark Keurian of counsel), for respondents Brad Goldfarb and Alfredo Paredes.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that Local Law No. 1 of 2018 of the Village of Dering Harbor is null and void, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated April 8, 2019, (2) an order of the same court dated September 12, 2019, and (3) a judgment of the same court entered October 15, 2019. The order dated April 8, 2019, denied the plaintiffs' motion to preliminarily enjoin the defendants Brad Goldfarb and Alfredo Paredes from installing and/or maintaining hedges along a right-of-way on their property, and granted those defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The order dated September 12, 2019, insofar as appealed from, upon reargument, adhered to the determination in the order dated April 8, 2019, granting the prior motion of the defendants Brad Goldfarb and Alfredo Paredes pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The judgment, upon the orders, is in favor of the defendants Brad Goldfarb and Alfredo Paredes and against the plaintiffs dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Brad Goldfarb and Alfredo Paredes.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs, Timothy Hogue and Dering Point Associates, LLC (hereinafter Associates), own properties located in the defendant Village of Dering Harbor. The defendants Brad [*2]Goldfarb and Alfredo Paredes (hereinafter together the defendants) own property next to the plaintiffs' separate properties. A right-of-way exists on the defendants' property which provides access from Shore Road to the property owned by Associates. On April 14, 2018, the defendant Board of Trustees of the Village of Dering Harbor (hereinafter the Board) adopted a resolution, Local Law No. 1 of 2018 (hereinafter 2018 Local Law), by which, inter alia, section 4-420 of the Village Zoning Code was amended to remove a two-step permit process for the approval, by the Village and its Architectural Review Board, of the placement of hedges.
The plaintiffs commenced this action against the Village, the Board, and the defendants, seeking declaratory and injunctive relief. The first cause of action, which was asserted against the Village and the Board, sought a judgment declaring the 2018 Local Law null and void and to enjoin the Village and the Board from enforcing it. The second cause of action, asserted against the defendants, sought to enjoin them from installing and/or maintaining hedges along the right-of-way.
The plaintiffs moved to preliminarily enjoin the defendants from installing and/or maintaining hedges along the right-of-way. The defendants then moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. In an order dated April 8, 2019, the Supreme Court denied the plaintiffs' motion and granted the defendants' motion. Subsequently, the plaintiffs moved, inter alia, for leave to reargue their opposition to the defendants' prior motion to dismiss the amended complaint insofar as asserted against them. In an order dated September 12, 2019, the court, upon reargument, adhered to the determination granting the defendant's prior motion. A judgment was entered on October 15, 2019, upon the orders, in favor of the defendants and against the plaintiffs dismissing the amended complaint insofar as asserted against the defendants. The plaintiffs appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). "However, where the movant submits evidentiary material, and the motion is not converted into one for summary judgment, a court must then determine whether the proponent of the pleading has a cause of action, as opposed to whether one was stated" (B & A Realty Mgt., LLC v Gloria, 192 AD3d 851, 853; see Morris v Morris, 306 AD2d 449, 451).
"To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Teitler v Pollack & Sons, 288 AD2d 302, 302; see Leon v Martinez, 84 NY2d at 87-88; B & A Realty Mgt., LLC v Gloria, 192 AD3d at 853).
"To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (Caruso v Bumgarner, 120 AD3d 1174, 1175, quoting Elow v Svenningsen, 58 AD3d 674, 675). However, "injunctive relief is simply not available when the plaintiff does not have any . . . substantive cause of action against [the] defendants" (Weinreb v 37 Apts. Corp., 97 AD3d 54, 58-59). "Although it is permissible to plead a cause of action for a permanent injunction, permanent injunctive relief is, at its core, a remedy that is dependent on the merits of the substantive claims asserted" (Corsello v Verizon N.Y., Inc., 77 AD3d 344, 368 [citation omitted], mod on other grounds 18 NY3d 777).
Here, the amended complaint did not allege any substantive causes of action against the defendants. Instead, the only cause of action against them was for injunctive relief, and thus, the amended complaint was properly dismissed insofar as asserted against the defendants (see e.g. Ajie Chen v Deliso, 169 AD3d 761, 762; Weinreb v 37 Apts. Corp., 97 AD3d at 59; cf. Corsello v Verizon N.Y., Inc., 77 AD3d at 368).
Moreover, the documentary evidence resolved all factual issues as a matter of law in favor of the defendants. The deed for their property that was given to their predecessor granted a right-of-way "for persons, animals and vehicles across the [defendants' property] along [the] private road now owned and laid out and formerly known as a part of West Sylvester Avenue to and from the lands . . . lying to the north of the parcel hereby conveyed." It is not disputed that Associates owned the property to the north and that Associates used the right-of-way to access that property. "A right of way along a private road belonging to another person does not give the [easement holder] a right that the road shall be in no respect altered or the width decreased, for his [or her] right . . . is merely a right to pass with the convenience to which he [or she] has been accustomed" (Lewis v Young, 92 NY2d 443, 449 [internal quotation marks omitted]). Here, the complaint did not allege that the right-of-way was blocked or made impassable, and the documentary evidence demonstrated that the hedges which the defendants planted along the right-of-way did not impair passage across it.
In addition, the defendants demonstrated that they were not violating any law at the time they moved for dismissal, since section 4-420 of the Village Zoning Code, as amended, regulated only the setback of hedges which ran along a street, and not hedges planted elsewhere on private property (see generally Aponte v Estate of Aponte, 172 AD3d 970, 974).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
The plaintiff's remaining contention with regard to the denial of their motion for a preliminary injunction is academic in light of our determination (see Tartaglione v Kuder Is. Colony, Inc., 72 AD3d 933, 935).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court