Fuentes v LOMTO Fed. Credit Union (2021 NY Slip Op 07540)





Fuentes v LOMTO Fed. Credit Union


2021 NY Slip Op 07540


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-05169
 (Index No. 714485/18)

[*1]Julio C. Fuentes, appellant,
v
LOMTO Federal Credit Union, et al., respondents.


Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for appellant.
Jaspan Schlesinger, LLP, Garden City, NY (Antonia M. Donohue of counsel), for respondent LOMTO Federal Credit Union.
Georgia M. Pestana, Corporation Counsel, New York, NY (Aaron M. Bloom and Fay Ng of counsel), for respondents City of New York and New York City Taxi and Limousine Commission.
Port Authority Law Department, New York, NY (Jonathan I. Smith of counsel), for respondent Port Authority of New York and New Jersey.
Thomas J. Quigley, New York, NY (Daniel L. Russo of counsel), for respondent Metropolitan Transportation Authority.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for breach of contract and negligence, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered March 15, 2019. The order denied the plaintiff's motion for a preliminary injunction, and granted the cross motion of the defendant LOMTO Federal Credit Union, the separate cross motion of the defendants City of New York and New York City Taxi and Limousine Commission, the separate cross motion of the defendant Port Authority of New York and New Jersey, and the separate cross motion of the defendant Metropolitan Transportation Authority pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In 2016, the plaintiff borrowed more than $500,000 from the defendant LOMTO Federal Credit Union (hereinafter LOMTO) to finance his ownership of a New York City yellow taxicab medallion. The plaintiff defaulted on the loan in October 2018. The following month, in accordance with the terms of the loan, LOMTO notified the plaintiff that his loan had matured, and that the outstanding principal balance was due.
The plaintiff commenced this action asserting, inter alia, (1) a breach of contract [*2]cause of action against LOMTO, alleging that LOMTO acted improperly in loaning money to him for his medallion when it knew or should have known that the taxi medallion was a rapidly deflating asset; and (2) a negligence cause of action against the defendants City of New York, New York City Taxi and Limousine Commission (hereinafter TLC), Port Authority of New York and New Jersey (hereinafter the Port Authority), and Metropolitan Transportation Authority (hereinafter the MTA), alleging that those agencies negligently enacted policies that devalued the medallion. The plaintiff moved for a preliminary injunction, and LOMTO, the City and TLC, the Port Authority, and the MTA separately cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court denied the plaintiff's motion and granted the cross motions, and the plaintiff appeals.
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254 [internal quotation marks omitted]). On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must accept as true the facts as alleged in the pleading and submissions in opposition to the motion, accord the pleading party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d at 1254 [alterations and internal quotation marks omitted]).
Here, the Supreme Court properly determined that the plaintiff failed to state a cause of action sounding in breach of contract against LOMTO. The contract at issue did not require LOMTO to inform the plaintiff of the risks of his investment.
Contrary to the plaintiff's contention, as a condition precedent to commencing this action against the City, TLC, the Port Authority, and the MTA, he was required to serve a notice of claim upon them (see General Municipal Law § 50-e; Public Authorities Law § 1276; Rowe v NYCPD, 85 AD3d 1001, 1002). Because he failed to do so, the Supreme Court properly granted those defendants' separate cross motions to dismiss the complaint insofar as asserted against each of them. The plaintiff's arguments regarding his remaining causes of action are without merit.
Since the Supreme Court properly granted the defendants' separate cross motions to dismiss the complaint insofar as asserted against each of them, the motion for a preliminary injunction was properly denied (see B & A Realty Mgt., LLC v Gloria, 192 AD3d 851, 855).
CHAMBERS, J.P., HINDS-RADIX, MILLER and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court